FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 08

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43659-1-II |
| Respondent, | |
| v. | |
| DAVID CRAIG DICKJOSE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — David Dickjose appeals from the trial court's ruling that his inculpatory post-arrest statements were admissible at trial. He argues that the trial court erred in ruling that his statements were sufficiently attenuated from his unlawful arrest. We hold that his arrest was unlawful and, because the State intentionally abandoned its attenuation doctrine argument, his post-arrest statements are inadmissible. We remand for further proceedings consistent with this opinion.

## FACTS

### I. SEARCH WARRANT EXECUTION

This case has already been the subject of one appeal.[1] In December 2007, Lakewood Officer Sean Conlon obtained a search warrant to search Dickjose's home in connection with his investigation of Dickjose for unlawful possession and delivery of methamphetamine.[2] On

---

[1] *State v. Dickjose*, noted at 160 Wn. App. 1011, 2011 WL 1005552.

[2] Officers had conducted three different controlled buys involving Dickjose. The parties do not dispute facts relating to these controlled buys.

December 13, at about 7:00 AM, police officers executed the search warrant. The warrant authorized entry and search of:

> The residence: 18111 41st AV E, Tacoma, WA 98446. 18111 41st AV E is listed as a two acre parcel. The residence appears to be a blue double wide manufactured home. There are also two detached garages, One four car garage and one appears to be an RV/shop type garage.

> All outbuildings, trailers and vehicles on the property.

> The person: A W/M known as David C. Dickjose, 05-26-67.

Clerk's Papers (CP) at 19. The search warrant did not contain authorization to arrest Dickjose.

Conlon first contacted Dickjose inside the home about 10 minutes after officers entered the home. Conlon read Dickjose his *Miranda*[3] rights and Dickjose waived those rights. About a half hour later, officers found methamphetamine in Dickjose's home and in his vehicle on the property. Conlon then spoke with Dickjose a second time. Dickjose denied knowing anything about the methamphetamine. Conlon told Dickjose that he was under arrest for delivery of methamphetamine and that Conlon had probable cause to arrest him for that offense; Dickjose denied having delivered methamphetamine.

Within the hour after the officer's initial entry into Dickjose's home, Conlon spoke to Dickjose a third time while Dickjose was still at home, in handcuffs, and under arrest. Conlon told Dickjose he believed he was "a fairly large methamphetamine dealer" based on the amount of methamphetamine recovered and "gave him an opportunity to help himself out and to order narcotics" from his dealer in exchange for not booking him into jail that night. Verbatim Report

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

of Proceedings (VRP) (May 11, 2012) at 21. Dickjose agreed and "said that he could help himself out" by ordering a pound of methamphetamine. VRP at 21.

Conlon then took Dickjose to the police station around 10:00 or 11:00 AM. There, the two further discussed Dickjose's drug dealing activities and arranged to purchase a pound of methamphetamine from Dickjose's supplier. Dickjose admitted to dealing methamphetamine at about half a pound at a time and that his supplier was a "large Hispanic male." VRP at 23. At the agreed upon location, Dickjose identified his supplier. Conlon did not book Dickjose into jail that night based on their agreement.

## II. PROCEDURE

The State charged Dickjose with three counts of unlawful delivery of a controlled substance (methamphetamine) and one count of unlawful possession of a controlled substance with intent to deliver (methamphetamine). Dickjose moved to suppress the physical evidence found in his home. The trial court denied his motion. We granted Dickjose's request for interlocutory discretionary review and reversed the trial court's denial of the motion to suppress, holding that the affidavit supporting the search warrant did not contain sufficient facts to establish a "nexus" between the place to be searched, Dickjose's home, and evidence of the crimes for which Dickjose was charged with committing. *State v. Dickjose*, 2011 WL 1005552, at *7.

On remand, the trial court granted Dickjose's motion to suppress the evidence found in Dickjose's vehicle because there was an insufficient nexus between the crimes being investigated and the vehicles on the property. Dickjose also moved to suppress his post-arrest statements, arguing that his arrest was unlawful because we had held the search warrant invalid as to his home. The trial court ruled that Dickjose's arrest was unlawful, but that his statements made at the police

station were sufficiently attenuated from the illegal entry into his home and unlawful arrest and therefore admissible. The trial court's factual findings did not mention the inculpatory statements Dickjose made at home.

Dickjose sought and we granted discretionary review of the trial court's denial of his motion to suppress his post-arrest statements. In its cross-appellate brief, the State expressly abandons its argument, made below, that Dickjose's statements are admissible under the attenuation doctrine.

## ANALYSIS

### I. RECORD SUFFICIENT FOR REVIEW

The State first argues that the record is incomplete, preventing review, because it contains only one of two days of testimony on the suppression hearing and does not contain a transcript of the trial court's oral ruling on the motion to suppress.[4] These omissions do not preclude our review.

The party claiming error holds the burden to provide an adequate record for our review. *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). A responding party who believes the record is inadequate may supplement the record and request the appellant pay for that cost. RAP 9.2(c). A respondent who claims that review must be denied for an incomplete record must explain the significance of the missing piece of record. *Favors v. Matzke*, 53 Wn. App. 789, 794, 770 P.2d 686 (1989), *review denied*, 113 Wn.2d 1033. Here, the State did not move to supplement

---

[4] The State argues that the commissioner improvidently granted review. But the State did not file a motion to modify the commissioner's ruling granting review under RAP 17.7. Thus, the commissioner's ruling granting discretionary review is final. *Hough v. Ballard*, 108 Wn. App. 272, 277, 31 P.3d 6 (2001).

the record and does not explain why Dickjose's failure to provide the second day of testimony prevents adequate review. We conclude that the record is sufficient for our review. Thus, the State's argument fails.

## II. ADMISSIBILITY OF DICKJOSE'S INCULPATORY STATEMENTS

### A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence to determine whether substantial evidence supports the trial court's findings of fact and whether the findings of fact support the trial court's conclusions of law. *State v. Russell*, 180 Wn.2d 860, 866, 330 P.3d 151 (2014). We review conclusions of law de novo to determine if they are supported by the findings of fact. *Russell*, 180 Wn.2d at 867. Substantial evidence is evidence that is sufficient "'to persuade a fair-minded person of the truth of the stated premise.'" *Russell*, 180 Wn.2d at 866-67 (quoting *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3rd 1266 (2009)). Unchallenged findings of fact are verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). We review a conclusion of law that is mislabeled a finding of fact as a conclusion of law. *State v. Green*, 177 Wn. App. 332, 341 n.7, 312 P.3d 669 (2013).

The trial court ruled that because the search warrant was invalid to enter Dickjose's home under our previous holding in *Dickjose*, the officers lacked authority to arrest him in his home as

well.[5] The trial court mischaracterized this decision as a finding of fact because the determination of whether an encounter between police and a defendant constitutes a constitutional violation is a question of law that we review de novo. *State v. Budd*, 186 Wn. App. 184, 347 P.3d 49 (2015).

B. Dickjose's Unlawful Arrest

Dickjose argues that the trial court properly decided that his arrest was unlawful because it cannot be "untethered" from the unlawful entry into his home pursuant to the search warrant. Br. of Appellant at 8. We agree.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. amend. IV. Our state constitution provides, "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. The sanctity of the home "is perhaps most deserving of constitutional protection against police intrusion" under both the Washington Constitution and its federal counterpart. *State v. Hatchie*, 161 Wn.2d 390, 397, 166 P.3d 698 (2007). An arrest is unquestionably a seizure of the person arrested. *Hatchie*, 161 Wn.2d at 395. To lawfully arrest a person in his or her home absent exigent circumstances, under federal and Washington State law, a police officer must have (1) a warrant for a suspect's arrest supported by probable cause and (2) reason to believe the suspect is inside

---

[5] In its conclusions of law, the trial court stated that (1) Dickjose had received his *Miranda* warning at home "before making his initial exculpatory statements to Officer Conlon while at his house," (2) Dickjose was removed to the police station where Conlon promised to not book him into jail that night if he would make statements about his involvement in drug dealing and identify his supplier, and (3) Dickjose then confessed. CP at 60-61. The trial court then concluded that "[t]he State ha[d] met its burden to show that [Dickjose's] subsequent statement was sufficiently attenuated from the illegal entry into his home, and that the officer's promise not to take him to jail was significantly intervening to dissipate any taint of the entry into the house. The statements [Dickjose] made at the police station are admissible at trial." CP at 61.

the home. *Hatchie*, 161 Wn.2d at 395-96 (citing *Payton v. New York*, 445 U.S. 573, 603, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)).

The State argues that Dickjose was lawfully arrested because the search warrant allowed the officers to search for Dickjose's person and once they were in the house they could arrest him based on probable cause that he had committed a crime. This argument vitiates the long-standing rule that, absent exigent circumstances, a person may be arrested in his or her home only with an arrest warrant supported by probable cause. *State v. Hoffman*, 116 Wn.2d 51, 101, 804 P.2d 577 (1991). An arrest warrant provides a police officer with limited authority in regard to a person's home: They may enter *only* to seize the person and must immediately leave. *Hatchie*, 161 Wn.2d at 400.

The State's argument greatly minimizes the basis of this rule – the sanctity of the home – and attempts to fill the gap between a search warrant, which we held was invalid to enter Dickjose's home, and his arrest. *Hatchie*, 161 Wn.2d at 397. Because the search warrant was unsupported by a sufficient nexus between Dickjose's home and the evidence related to unlawful delivery or possession by Dickjose, the State lacked authority to enter Dickjose's home at all. Furthermore, Conlon arrested Dickjose only *after* the officers recovered the methamphetamine, which has now been suppressed under our holding that the warrant was invalid as to Dickjose's home. The officers gained entry into Dickjose's home only through the invalid search warrant. Thus, the trial court correctly concluded that Dickjose's arrest was unlawful.

We hold that because the officers gained entry into Dickjose's house only through an invalid search warrant, Dickjose's arrest in his home was unlawful. We further hold that because

7

the State intentionally abandoned its attenuation doctrine argument, Dickjose's post-arrest statements are inadmissible. We remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, C.J.

BJORGEN, A.C.J.